UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THEODORE KAMERLING,

       Plaintiff,

v.                                     Case No. 1:18-CV-697

COMMISSIONER OF                      HON. GORDON J. QUIST
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Theodore Kamerling, filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner of Social Security's final decision denying Kamerling's claim for disability insurance benefits and supplemental security benefits. (ECF No. 1.) Kamerling raised the following issues in his initial brief: (1) the Administrative Law Judge (ALJ) did not take into account CPP (concentration, persistence and pace) limitations that he had found; (2) the ALJ mishandled Dr. Sheill's report; (3) the ALJ mishandled Plaintiff's complaints; and (4) the ALJ failed to address regional jobs. (ECF No. 18 at PageID.623.)

On July 9, 2019, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court reject Kamerling's arguments and affirm the Commissioner's decision. First, as to the asserted inconsistency between the ALJ's findings at step three of the five-step sequential analysis, *see* 20 C.F.R. §404.1520, and the ALJ's mental residual functional capacity (RFC) finding—that Kamerling is limited to simple, routine tasks with short, simple instructions—the magistrate judge observed that because step three findings differ from the RFC determination, which involves a more detailed analysis, the ALJ's analysis was not internally

inconsistent.  (ECF No. 24 at PageID.678–79.)  Second, regarding the April 22, 2014, opinion of consultative medical examiner Dr. Sheill, the magistrate judge concluded that the ALJ properly weighed and considered Dr. Sheill's opinion.  (*Id.* at PageID. 681.)  Third, the magistrate judge concluded that the ALJ properly evaluated Kamerling's subjective complaints, rejecting Kamerling's argument that the ALJ was required to explain why each statement Kamerling made during the administrative hearing was inconsistent with the medical and other evidence in the record. (*Id.* at PageID.683–85.)  Finally, the magistrate judge concluded that Kamerling waived any objection to the sufficiency of the vocational expert's (VE) testimony, but in any event, he failed to demonstrate that the ALJ erred in relying on the VE's testimony about the number of jobs existing on a national basis.  (*Id.* at PageID.686–87.)

Kamerling has filed Objections to the R & R, asserting that the magistrate judge erred in his analysis of all four issues.  The Commissioner has filed a response, arguing that the Court should adopt the R & R.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made.  The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  *Id.*  After reviewing the R & R, Kamerling's Objections, the Commissioner's response, and the pertinent portions of the administrative record, the Court will overrule Kamerling's Objections and adopt the R & R as the opinion of the Court.

Initially, the Court notes that Kamerling's Objections, in large part (although not completely) repeat his arguments to the magistrate judge.  Objections of this nature are improper.  A party who objects to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such

objections." W.D. Mich. LCivR 72.3(b). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001), as are those that offer only general objections to the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Although the Court could overrule Kamerling's Objections solely on the basis that they are procedurally improper, the Court has nonetheless reviewed the portions of the arguments addressing the R & R and, as explained below, concludes that they lack merit.

### Failure to Take CPP Limitations into Account

The magistrate judge fully and properly explained why the ALJ's mental RFC was not required to parrot the ALJ's CPP findings at step three of the sequential analysis: "step three findings are not the same as the RFC determination." (ECF No. 24 at PageID.678.) Courts in this district have consistently rejected the very same argument that Kamerling raises. In *Hycoop v. Commissioner of Social Security*, No. 1:15-CV-795, 2016 WL 400794, at *3–4 (Aug. 29, 2016), the court noted:

> Plaintiff's claim conflates the analysis conducted at separate points of the ALJ's decision. . . . Plaintiff is attempting to take a portion of the ALJ's step three finding out of context and substitute it for the ALJ's factual finding at step four. It is well established . . . that the paragraph B criteria used in determining whether a claimant meets or equals a listed impairment "are not an RFC assessment," but rather are "used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."

(quoting SSR 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 2996)); *see also Darling v. Comm'r of Soc. Sec.*, No. 1:14-CV-660, 2015 WL 6758767, at *4 (W.D. Mich. Nov. 5, 2015) ("The ALJ's findings at earlier steps in the sequential analysis do not undermine her RFC determination."); *Collier v. Comm'r of Soc. Sec.*, No. 1:11-CV-1144, 2013 WL 4539631, at *6 (W.D. Mich. Aug. 27, 2013) (same). As substantial evidence otherwise supported the ALJ's mental RFC, there was no error.

### *Dr. Sheill's Report*

In the R & R, the magistrate judge first noted that, because Dr. Sheill was not a treating source, the "good reasons" requirement does not apply to the ALJ's explanation of the weight he gave Dr. Sheill's opinion. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) ("Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits."). The magistrate judge then noted that the ALJ accepted Dr. Sheill's opinion that Kamerling could not perform manual labor, but could perform more than sedentary work, with a question of whether Kamerling could sustain it long term. (*Id.* at PageID.681.) Initially, the Court notes that Dr. Sheill's statement that "[i]t may be that sedentary work is all [Kamerling] could handle long-term," (PageID.580), is somewhat ambiguous. That is, it is not clear whether Dr. Sheill was opining that Kamerling was presently limited to sedentary work or that he retained the capacity to perform light work but could only perform sedentary work long term. The ALJ interpreted the statement in the former sense, while the magistrate judge apparently interpreted the statement in the latter sense.

In any event, the ALJ properly weighed Dr. Sheill's opinion, as required by 20 C.F.R. §§ 404.1527(c) and 416.929(c), and adequately explained his decision to assign it only partial weight—adopting Dr. Sheill's opinion that Kamerling could not perform manual labor but concluding that the evidence supported an RFC for light work. Contrary to Kamerling's argument, the ALJ did not "play doctor" by finding that Dr. Sheill's observations that Kamerling had only a slight limp, was able to walk at a moderate pace, and appeared "reasonably vigorous"—in combination with Kamerling's statement to the consultative psychological examiners "that he walks around his house for exercise and tries to stay limber" and the examiners' observation that Kamerling "walked quickly"—supported a finding that Kamerling had the capacity to do light work

4

with restrictions.  (ECF No. 11-2 at PageID.44.)  This finding was consistent with State Agency Consultant Eric VanderHaagen, D.O.,'s opinion that Kamerling could perform light work, which the ALJ accorded "some weight," as well as other evidence in the record.  (*Id.* at PageID.44–45; ECF No. 11-3 at PageID.136.)  *See* Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources.").

Finally, the Court rejects Kamerling's argument that the ALJ was required to consider Dr. Sheill's specialty (a physical examiner) before citing the psychological examiners' observations of Kamerling's physical condition (walking quickly) as a basis to reject Dr. Sheill's opinion.  It is well established that an ALJ is not required to discuss each factor in 20 C.F.R. § 404.1527(c) when weighing opinion evidence.  *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (holding that "[a]lthough the regulations instruct an ALJ to consider [the § 404.1527] factors, they do not require "an exhaustive factor-by-factor analysis"); *Klimas v. Comm'r of Soc. Sec.*, No. 1:10-CV-666, 2012 WL 691702, at *1 (W.D. Mich. Mar. 1, 2012) ("The ALJ is not required to specifically discuss each of the § 404.1527 factors.  Instead, the record must reflect that the ALJ considered those factors relevant to his assessment.") (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) and *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007)).  Here, the ALJ gave adequate reasons, reflecting application of factors (3) and (4) (supportability and consistency), for according "some weight" to Dr. Sheill's opinion.

### *Kamerling's Complaints*

Kamerling takes issue with the magistrate judge's analysis of the ALJ's evaluation of Kamerling's allegations of disabling symptoms.  Kamerling says that the magistrate judge "did not mention the quoted regulations, much less explain how his view can be squared with them," (ECF

No. 25 at PageID.701), which the Court understands to be 20 C.F.R. §§ 404.1520b and 416.920b. However, the magistrate judge noted that the ALJ cited 20 C.F.R. §§ 404.1529(a) and 416.929(a) (describing the process by which the Commissioner evaluates symptoms), summarized Kamerling's complaints, and thereafter explained why the medical evidence of record did not fully support the degree of limitation that Kamerling alleged. (ECF No. 24 at PageID.682–84.)

A court's review of an ALJ's decision "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (internal quotation marks omitted). Here, the record shows that the ALJ applied the correct legal standards and that his credibility findings are supported by substantial evidence. The ALJ properly evaluated Kamerling's credibility, taking into account the factors listed in 20 C.F.R. § 404.1529(c), and decided that his reports of disabling pain were less than credible because they were not reasonably consistent with the medical and other evidence of record. 20 C.F.R. § 404.1529(4).

### Failure to Address Regional Jobs

Kamerling argues that the magistrate judge erred in concluding that the ALJ was not required to elicit testimony from the VE regarding the number of jobs that exist regionally, as opposed to nationally. Kamerling argues that the pertinent statute required, in the instant case, that the ALJ elicit testimony from the VE about jobs existing in Michigan or in at least two other regions of the country. (ECF No. 25 at PageID.704.) Contrary to Kamerling's argument, however, the statute specifies "work which exists in the national economy" as the standard. 42 U.S.C. § 423(2)(A). While it is true that the statute defines "work which exists in the national economy" to mean "work which exists in significant numbers either in the region where such individual resides or in several regions of the country," *id.*, the standard remains focused on national numbers. *See* 20 C.F.R. §§

404.1512(b)(3) ("In order to determine under § 404.1520(g) that you are able to adjust to other work, we must provide evidence about the existence of work *in the national economy* that you can do . . . ." (italics added)); 404.1566(b) ("Work exists *in the national economy* when there is a significant number jobs (in one or more occupations) having requirements which you re able to met with your physical or mental abilities and vocational qualifications." (italics added)).  Thus, the ALJ did not err by relying on the VE's testimony that 130,000 jobs exist in the national economy that Kamerling could perform.  Moreover, as the magistrate judge noted, Kamerling failed to demonstrate that the jobs the VE identified, "*i.e.*, mail clerk, office helper, and assembly machine tender are '[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [he lives].'" (ECF No. 24 at PageID.687 (quoting 20 C.F.R. § 404.1566(b)).)

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 9, 2019 (ECF No. 24) is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 25) are **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 26, 2019                    _____/s/ Gordon J. Quist_____
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE